**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOE KELLY | : | CIVIL ACTION NO.: |
| | : | |
| ***Plaintiff,*** | : | |
| | : | |
| v. | : | |
| | : | |
| SPS TECHNOLOGIES, INC., | : | |
| | : | |
| ***Defendant.*** | : | |
| | : | |

**COMPLAINT AND JURY DEMAND**

**I. PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Joe Kelly, a former employee of Defendant SPS Tech (hereinafter referred to as "Defendant Corporation"), who has been harmed by Defendant Corporation's age discrimination, ultimately resulting in his termination from employment.

2. This action is brought under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq. and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.§626(b).

**II. JURISDICTION AND VENUE:**

3. The original jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331 and 1337, and the claim is substantively based on the Age Discrimination in Employment Act ("ADEA"), Title 29 U.S.C. §626(b). The supplemental jurisdiction of this Court is invoked

pursuant to 28 U.S.C. §1367, to consider Plaintiff's claims arising under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

4. All conditions precedent to the institution of this suit have been fulfilled. More than sixty (60) days have elapsed since the Plaintiff filed his Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

## III. PARTIES:

5. Plaintiff, Joe Kelly, is an individual and citizen of the Commonwealth of Pennsylvania and resides therein at 3029 Susquehanna Road, Abington, Pennsylvania.

6. Defendant, SPS Technologies, Inc., was and is now a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its corporate offices located at Two Pitcairn Place, Township Line Road, Jenkintown, PA 19046 and a place of business located at 301 Highland Avenue, Jenkintown, PA 19046.

7. At all times relevant hereto, the Defendant Corporation was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment and under the direct control of the Defendant Corporation.

8. At all times material herein, the Defendant Corporation has been a "person" and "employer" as defined under the ADEA and PHRA and has been, and is, subject to the provisions of each said Act.

## II. CAUSES OF ACTION:

9. Kelly began his tenure of employment with the Defendant in Ireland on or about June 5, 1969. Thereafter, in or about August of 1986, he became employed by the Defendant in

the United States as a machinist and continued as such until his unlawful termination on or about August 7, 2003. Kelly was fifty-one (51) at the time of his termination.

10. At all times relevant hereto, Kelly maintained an excellent performance record with Defendant Corporation.

11. In connection thereto, in or about April of 2003, Kelly received an excellent performance appraisal by his team leader, one Jeff Allhiser ("Allhiser") wherein Kelly was praised for exceeding his target by 13 points.

12. Thereafter, despite this high praise, Defendant began issuing to Kelly disingenuous written warnings in an obvious attempt to manufacture a pretextual reason for terminating him.

13. By way of example, in or about April of 2003, one Dan O'Rourke, Kelly's Supervisor issued Kelly a bogus written warning.

14. Following this, on or about August 7, 2003, Kelly received a lay-off notice stating that he was not eligible for recall.

15. Upon information and belief, Kelly was the oldest employee in his department to and the only employee from his shift to be affected by the lay-off despite his seventeen years of service with the Defendant Corporation.

16. Upon further information and belief, several similarly situated less- experienced younger employees were not terminated.

17. For example, one Scott McClellan, a co-employee in his mid-thirties, who had received warnings for numerous absences, lateness and for leaving early, yet he was not laid off.

18. By way of further example, one Mike Davido, a co-employee in his twenties, who has been employed with the company for only three (3) years, was not laid off.

19. Kelly believes and therefore avers that the actions of the Defendant Corporation were discriminatory in nature and motivated solely on the basis of the his age.

**COUNT I**

**(ADEA)**

**Plaintiff vs. Defendant**

20. Plaintiff incorporates by reference paragraphs 1 through 19 of his Complaint as fully set forth at length herein.

21. The actions of the Defendant Corporation through its agents, servants and employees in terminating the Plaintiff because of his age, constituted a violation of the ADEA.

22. The unlawful discriminatory employment practices engaged in by the Defendant Corporation were in violation of the provisions of Title 29 U.S.C. § 623(a)(1) and 623(a)(2) of the Age Discrimination in Employment Act.

23. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant Corporation in violation of 29 U.S.C. § 623(a)(1) and 623(a)(2) of the Age Discrimination in Employment Act, Plaintiff sustained permanent and irreparable harm, resulting in the loss of employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus backpay, and frontpay and interest due thereon.

**COUNT II**
**(PHRA)**
**Plaintiff vs. Defendant**

24. Plaintiff incorporates by reference paragraphs 1 through 23 of his Complaint as fully set forth at length herein.

25. The actions of the Defendant Corporation through its agents, servants and employees in discriminating against the Plaintiff because of his age, constituted a violation of the PHRA.

26. The unlawful discriminatory employment practices engaged in by Defendant Corporation were in violation of the provisions of the PHRA, P. S. §951 et seq.

27. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant Corporation in violation of the PHRA, Plaintiff sustained permanent and irreparable harm, resulting in the loss of employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus backpay, and frontpay and interest due thereon. The Plaintiff also suffered humiliation, loss of self-esteem and emotional and psychological distress, as a result of the Defendant Corporation's unlawful actions, as aforesaid.

**PRAYER FOR RELIEF**

27. Plaintiff repeats the allegations of paragraph 1 through 26 of his Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against the Defendant, and order that:

a. Defendant Corporation offer Plaintiff a position, with a rate of pay and other benefits and emoluments of employment, to which he would have been entitled, had he not been subjected to unlawful discrimination;

b. Defendant compensate Plaintiff with an award of front pay, if appropriate;

c. Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

d. Defendant pay Plaintiff liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other nonpecuniary losses as allowable;

e. Defendant pay to Plaintiff, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

f. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By: S/Sidney L. Gold, Esq.- SG-1387

SIDNEY L. GOLD, ESQUIRE
I.D. No.: 21374
TRACI M. GREENBERG, ESQUIRE
I.D. No.: 86396
KRYSTN E. MUNDY, ESQUIRE
I.D. No: 89152
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
Attorneys for Plaintiff